■ LEO C. NOBLETT et al., Appellants, v AVIS RENT A CAR SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. LEONARD J. BOUGHAL et al., Defendants and Third-Party Defendants-Respondents, et al., Respondent.—In an action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered January 3, 1978, which was in favor of defendants and against them (the trial court dismissed the action as against the defendants County of Suffolk and Town of Brookhaven, and the jury returned a verdict in favor of defendant Avis). Judgment modified, on the facts, by deleting therefrom all provisions against the plaintiffs, except those which are in favor of the County of Suffolk. As so modified, judgment affirmed, without costs or disbursements, and new trial granted as to all remaining parties and causes. Plaintiff Leo Noblett parked his car along the southbound shoulder of William Floyd Parkway in front of a delicatessen which he frequented. The time was 7:15 P.M. and, although the delicatessen was lit by a floodlight, no street lights were in the vicinity. After making several purchases, Mr. Noblett emerged from the delicatessen to find his car tightly situated between two other parked cars. He commenced maneuvering out of the parking space. Seeing no cars or headlights, Mr. Noblett pulled away from the shoulder and into the right-hand lane of the parkway. After traveling approximately 45 feet, Mr. Noblett's car was struck on the driver's side by a rented car driven by defendant Leonard Boughal. Mr. Noblett suffered a severe injury to his left leg. In our opinion, the verdict in favor of defendant Avis in this comparative negligence case cannot be supported by any fair interpretation of the evidence. Credible testimony was presented at the trial to the effect that defendant Leonard Boughal's negligent driving contributed to this collision. Thomas Helgrick was driving southbound on the William Floyd Parkway. Boughal's car passed him at a speed of 60 to 65 miles per hour. It continued along the road at that speed until it struck Mr. Noblett's vehicle which had just pulled onto the parkway. Mr. Noblett's testimony established that he saw no oncoming traffic as he drove into the right-hand lane of the parkway. No horn was sounded before the collision. Finally, the impact of the two cars propelled Mr. Noblett's car a great distance before it came to rest on the median. These facts lead this court to believe that the jury's finding that Boughal was not at all negligent was not warranted. Sufficient evidence was presented that his vehicle was traveling at too great a speed considering all of the surrounding facts and circumstances. Titone, J. P., O'Connor, Shapiro and Martuscello, JJ., concur.